## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| MANTISSA CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-2103 |
| | ) | |
| GREAT AMERICAN BANCORP, INC., | ) | |
| FIRST FEDERAL SAVINGS BANK OF | ) | |
| CHAMPAIGN-URBANA, and | ) | |
| FISERV SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on the Motion to Dismiss for Improper Venue (d/e 52) filed by Defendant Fiserv Solutions, LLC. Because venue is improper, Defendant's Motion to Dismiss is GRANTED.

## I. BACKGROUND

In December 2017, Plaintiff Mantissa Corporation filed this patent infringement action against Great American Bancorp, Inc. and First Federal Savings Bank of Champaign-Urbana. Thereafter, on May 10, 2019, Plaintiff filed a Corrected First Amended

Complaint[1] adding Fiserv Solutions, LLC as a defendant. <u>See</u> d/e 44. Plaintiff alleges that Defendants, individually or based on the actions of others, have jointly infringed certain steps in U.S. Patent No. 9,361,658 ('658 Patent) by making, using, offering to sell, selling or importing the "CardValet" app or similar products, systems, and services that perform or cause performance of the specific steps in '658 Patent. Plaintiff further alleges that Defendants are jointly inducing each other to commit the acts of infringement. As a result of these acts, Plaintiff has suffered damages and seeks a permanent injunction, a judgment finding Defendants have committed acts of infringement, enhanced damages, a declaration that this case is exceptional under 35 U.S.C. § 285, and pre-judgment and post-judgment interest on any allowable awarded amounts.

In the Corrected First Amended Complaint, Plaintiff alleges that venue is proper in the Central District of Illinois pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants have a

---

[1] The Court notes that Plaintiff filed a First Amended Complaint (d/e 43) on May 10, 2019, and shortly after on the same day, filed the Corrected First Amended Complaint (d/e 44).

regular and established place of business in this District or the State of Illinois; (b) have conducted business in this District and the State of Illinois; (c) have jointly committed acts of infringement in this District and the State of Illinois; and/or (d)(i) reside in this District, (d)(ii) are incorporated in the State of Illinois; and/or (d)(iii) are registered to conduct business in the State of Illinois.

Defendant Fiserv Solutions filed a Motion to Dismiss for Improper Venue alleging that Plaintiff has failed to establish that venue is proper pursuant to 28 U.S.C. § 1400(b) as this judicial district is not where Fiserv Solutions resides nor is it where Fiserv Solutions has a regular and established place of business.  See Brief in Support of Motion (d/e 53).

## II. JURISDICTION

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the Complaint alleges a cause of action for patent infringement.  See 28 U.S.C. §§ 1331 and 1338(a).

## III. ANALYSIS

Fiserv Solutions requests that this Court dismiss the action against it pursuant to 28 U.S.C. §1406(a), which provides that "[t]he

district court of a district in which is filed a case laying venue in the

wrong division or district shall dismiss, or if it be in the interest of

justice, transfer such case to any district or division in which it

could have been brought." 28 U.S.C. § 1406(a). Plaintiff bears the

burden of establishing that venue is proper. In re ZTE (USA) Inc.,

890 F.3d 1008 (Fed. Cir. 2018).

Section 1400(b) of Title 28 of the United States Code provides

the exclusive provision controlling venue in patent infringement

cases:

> Any civil action for patent infringement may be brought
> in the judicial district where the defendant resides, or
> where the defendant has committed acts of infringement
> and has a regular and established place of business.

28 U.S.C. § 1400(b); TC Heartland LLC v. Kraft Foods Group

Brands LLC, 138 S.Ct. 1514, 1518 (2017). Decisions rendered from

the Federal Circuit provide clarity for all federal circuits when faced

with a patent issue. ZTE, 890 F.3d at 1012 ("Whether venue is

proper under § 1400(b) is an issue unique to patent law and is

governed by Federal Circuit law.").

The first prong, whether Fiserv Solutions resides in this

judicial district, is not at issue. For purposes of the patent venue

statute, "a domestic corporation 'resides' only in its State of incorporation." <u>TC Heartland</u>, 137 S. Ct. 1514, 1517 (2017); <u>see also</u> 28 U.S.C. § 1400(b). Fiserv Solutions is incorporated in Wisconsin. Therefore, venue is improper under the first prong.

The second prong, whether Fiserv Solutions has committed acts of infringement and has regular and established place of business, is disputed. There are three general requirements to establish that the defendant has a regular and established place of business: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." <u>In re Cray Inc.</u>, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Without all three, venue is improper under § 1400(b). <u>Id.</u>

Plaintiff urges this Court to find that Fiserv Solutions has a physical place of business in this district, relying on numerous unverified websites. Defendant Fiserv Solutions' sworn declaration establishes that Fiserv does not have a regular and established place of business. Specifically, Fiserv:

- "does not have any offices, facilities, or own or lease any real property in the Central District of Illinois;"

- "does not have a corporate address, mailing address, or telephone number in the Central District of Illinois;"

- "has not paid anyone to operate Fiserv's business within a residence in the Central District of Illinois;"

- "has not publicly advertised or otherwise indicated that any residence in the Central District of Illinois was a Fiserv place of business;"

- "does not own or lease any computer servers or operate any data processing facilities within the Central District of Illinois."

See Declaration (d/e 53-1).

Fiserv Solutions was ordered by this Court to file a reply and address certain issues raised by Plaintiff in its Opposition to the Motion to Dismiss. See February 6, 2020 Text Order. Based on the information before the Court, Plaintiff has failed to establish that venue is proper as to Plaintiff's claim against Fiserv Solutions. The Court provides further explanation below.

**A. ATMs and Maintenance of ATMs Do Not Establish Proper Venue in This Case.**

Plaintiff alleges that Fiserv Solutions "acquired debit card processing, 'ATM Managed Services,' and the 'Money Pass' ATM network of Elan Financial Services ('EFS') for $690M on October 31, 2018." See Opposition (d/e 54), p. 3. To support this assertion,

Plaintiff cited an online article. Fiserv Solutions was directed by the Court to reply to this allegation. In its reply, Fiserv Solutions stated that Fiserv Solutions, the defendant named in this case, did not acquire such assets from Elan Financial Services. <u>See</u> Reply (d/e 60), p. 1. The Court finds that the website relied upon by Plaintiff does not prove that Fiserv Solutions purchase ATMs that are located in this District. Any speculation of such ownership has been discredited by Fiserv Solutions.

Based on the article, "Fiserv, Inc." acquired certain assets of Elan. The Court recognizes that Fiserv, Inc. is close to Defendants name, Fiserv Solutions. However, Plaintiff has not produced any reliable evidence tending to prove that a subsidiary of Fiserv Solutions owns ATMs and that such ownership should be imputed to Fiserv Solutions. <u>See</u> <u>Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.</u>, 230 F.3d 934, 940 (7th Cir. 2000) (explaining that, in the context of personal jurisdiction, "Illinois courts exercise jurisdiction over parents based on the activities of the subsidiary where the corporate veil can be pierced, or perhaps where all the corporate formalities are observed but the subsidiary's only purpose is to conduct the business of the

parent."); see also Manville Boiler Co., Inc. v. Columbia Boiler Co., 269 F.2d 600, 606–607 (4th Cir. 1959) (recognizing that a subsidiary's presence in the forum should not be imputed to the parent company so long as it maintains formal corporate separateness).

Even if Fiserv Solutions owned, operated, or controlled ATMs in this District, that alone would not establish proper venue. To support its proposition that ATMs would serve as a sufficient basis, Plaintiff cites Seven Networks, LLC v. Google LLC, which held that Section 1400(b) "does not require that the place of business also be a place of employment by the defendant." 315 F. Supp. 3d 933, 962 (E.D. Tex. 2018). However, such conclusion contradicts the recent holding from the Federal Circuit in In re Google LLC, 949 F.3d 1338 (Fed. Cir. 2020).

In the recent decision, Google LLC petitioned for a writ of mandamus ordering the U.S. District Court for the Eastern District of Texas to dismiss the case for improper venue. Google, 949 F.3d at 1339. In the underlying case, Super Interconnect Technologies LLC ("SIT") sued Google for patent infringement. Id. SIT alleged that venue was proper based on the presence of several Google

Global Cache ("GGC") servers, which function as local caches for Google's data.  Id. at 1340.  However, the GGC servers were not hosted within the datacenters owned by Google.  Id.  Google contracted with internet service providers within the district to host Google's GGC servers within the providers' datacenters.  Id.

The Federal Circuit held that "[a] 'place' merely needs to be a 'physical, geographical location in the district from which the business of the defendant is carried out.'"  In re Google LLC, 949 F.3d 1338, 1343 (Fed. Cir. 2020) (quoting Cray, 871 F.3d at 1362).  A "virtual space" or "electronic communications from one person to another" do not constitute a regular and established place of business.  Cray, 871 F.3d at 1362.  However, a "place of business is not restricted to real property that the defendant must own or lease and that the statute could be satisfied by any physical place that the defendant could possess or control."  Google, 949 F.3d at 1343 (citing Cray, 871 F.3d at 1363).  Indeed, a physical space other than a standard business office may be sufficient.  See id. at 1343-44 (opining that "leased shelf space or rack space can serve as a 'place' under the statute . . . .");  Cray, 871 F.3d at 1362 (holding that a defendant who operates a table at a flea market may have

established a place of business as the table serves as a physical, geographic location); In re Cordis Corp., 769 F.2d 733, 735, 737 (discussing that a defendant's employees' homes used to store defendant's literature, documents, and produces could constitute a regular and established place of business).

However, a physical place is not enough. The Federal Circuit held that "'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" Google, 949 F.3d at 1345.

In this case, even assuming Fiserv Solutions had a sufficient connection to ATMs in this District, that does not support venue for the claim against Fiserv Solutions.

Similar to the facts in Google, Plaintiff argues that Fiserv Solutions must have individuals who perform maintenance on the ATMs, which serves as a basis for venue. The same argument failed in Google. As the Federal Circuit stated, "Maintaining equipment is meaningfully different from – as only ancillary to – the actual producing, storing, and furnishing to customers of what the business offers." Google, 949 F.3d at 1346. The Federal Circuit

went further to explain that "[t]he venue statute should be read to exclude agents' activities, such as maintenance, that are merely connected to, but do not themselves constitute, the defendant's conduct of business in the sense of production, storage, transport, and exchange of goods or services." Id. at 1347.

Here, Plaintiff does little other than speculate that Fiserv Solutions "must have personnel based in CDIL to offer and provide ATM Managed Services to customers such as INB in CDIL." See Opposition, pg. 4. Plaintiff does not cite any evidence that such maintenance exists, who performs the maintenance, or how it is connected to Fiserv Solutions' business. Plaintiff failed to establish venue exists over its claim against Fiserv Solutions on the basis of the existence of ATMs, ATM services, or maintenance of ATMs in this District.

The same is true for Plaintiff's plea for the Court to find that Fiserv Solutions has an employee in the District because websites purportedly show that Fiserv Solutions was advertising to hire a client executive position and a sales executive position in Springfield, Illinois. See Opposition, pg. 4. The advertisements simply say that "Fiserv" is hiring. It does not specify if it is Fiserv

Solutions or otherwise.  <u>See</u> Exhibits to Opposition, (d/e 54-1; 54-2).  The declaration filed by Fiserv Solutions stated that it "has not paid anyone to operate Fiserv's business within a residence in the Central District of Illinois" and "has not publicly advertised or otherwise indicated that any residence in the Central District of Illinois was a Fiserv place of business."  <u>See</u> Declaration, pg. 2. Plaintiff has not contradicted such statement.   Therefore, the advertisements do not establish venue.

### B.  No Physical Presence in the District.

Plaintiff argues that Fiserv Solutions had or has a data processing center at 19898 N 1800 East Rd., Pontiac, Illinois.  As stated, for venue to be proper, Fiserv must have a "regular and established place of business," meaning that it has a "regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged place of business."  <u>Google</u>, 949 F.3d at 1345.

To support its argument, Plaintiff cites to several unverified websites from Yellow Pages, MapQuest, and Google Maps.  The evidence does not establish that Fiserv Solutions owns "a data processing center" located at 19898 N 1800 East Rd., Pontiac,

Illinois.  Fiserv Solutions provided a declaration from Tim Tourville, the Vice President of Global Real Estate and Workplace Solutions at Fiserv Solutions, stating that Fiserv Solutions "does not have any offices, facilities, or own or lease any real property[] in the Central District of Illinois."  <u>See</u> Declaration (d/e 53-1), p. 1.  At the direction of the Court, Fiserv Solutions replied to Plaintiff's accusation that it owned the property located at 19898 N 1800 East Rd., Pontiac, Illinois.  Fiserv Solutions provided the Court with additional information showing that the address is not owned by Fiserv Solutions.  Based on the Livingston County Assessor's website, the deed holders of the property are listed as Corey S. Harris and Elizabeth R. Harfst and the property in question is farmland with a single-family dwelling.  The Court finds that the property located at 19898 N 1800 East Rd., Pontiac, Illinois, is not a physical place of Fiserv Solutions'.

### C. Other Arguments Advocated by Plaintiff Fail to Establish Venue.

Plaintiff next argues that outdated information may be used to support venue.  <u>See</u> Opposition (d/e 54), p. 7 (citing Fiserv Solutions' SEC 10-k filing for fiscal year 2001).  Plaintiff also asserts

that Fiserv Solutions "is silent on whether it owned or lease

property, or had personnel in CDIL in the past" ignores the timing

of relevant pleadings in this case. Plaintiff filed its Amended

Complaint on May 10, 2019, naming Fiserv Solutions as a

defendant. Fiserv Solutions filed its Motion to Dismiss for Improper

Venue on August 19, 2019, merely three months after Plaintiff filed

the Amended Complaint and two months after being served with the

Amended Complaint. As noted above, Fiserv Solutions filed a

Declaration stating that it "does not have any offices, facilities, or

own or lease any real property[] in the Central District of Illinois."

See Declaration (d/e 53-1), p. 1. It is at the time the cause of action

accrues and a reasonable time thereafter that Courts consider when

assessing whether a defendant has a regular and established place

of business in the district. The Welch Scientific Co. v. The Human

Eng'g Inst., Inc., 416 F.2d 32, 36 (7th Cir. 1969). The Court need

not obtain additional information to determine whether Fiserv

Solutions had any real property in the district at some other time.

Certainly the SEC filings from 2001 are outside of the time period

relevant to this Court's inquiry.

Being listed in an unverified "directory of business" on a website does not establish that Fiserv Solutions has a regular and established place of business in the district.  <u>See</u> Opposition, p. 7 (arguing that Fiserv Solutions is "currently listed in a directory of business for Rock Island.").  Furthermore, the listing is unverified, and it is unknown who may have effectuated such listing, if it exists.  The uncontroverted evidence is that Fiserv Solutions does not have a corporate address, mailing address, or telephone number within this District.  <u>See</u> Declaration, pg. 1.

Lastly, federal law prohibits this Court from adopting Plaintiff's policy argument that it would be more judicially efficient to exert venue over Plaintiff's claim against Fiserv Solutions.  <u>See</u> Opposition, pg. 9; <u>see also</u> <u>Bowlds v. Gen. Motors Mfg. Div. of Gen. Motors Corp.</u>, 411 F.3d 808, 811 (7th Cir. 2005) ("The plain meaning of legislation should be conclusive, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." )(internal quotations omitted).  § 1400(b) dictates that venue is proper only "where a defendant resides, or where the defendant has committed

acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).

### D. Dismissal of Fiserv Solutions Is Proper.

Given that venue over Plaintiff's claim against Fiserv Solutions is improper in this District, the only question that remains is whether the Court dismisses or transfers the claim against Fiserv Solutions.  Pursuant to § 1406, "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406.

Although the statute provides that an action should be dismissed if venue is improper, Fiserv Solutions is not the only defendant in this suit.  This cause of action was originally filed in the Northern District of Illinois against Great American Bancorp, Inc. and First Federal Savings Bank of Champaign-Urbana.  Those Defendants filed a motion to dismiss for improper venue.  <u>See</u> d/e 17.  This was prior to Fiserv Solutions being a party to the lawsuit. The Northern District did not issue an order on the merits as the parties entered a stipulation agreeing to the case being transferred

to the Central District of Illinois, where it is now pending.  See

Stipulation (d/e 28); Minute Entry (d/e 29).

"In an action involving multiple defendants, venue and

jurisdiction requirements must be met as to each defendant." See

Tour Tech. Software, Inc. v. RTV, Inc., 377 F. Supp. 3d 195, 210

(E.D.N.Y. 2019) (citing Magnacoustics, Inc. v. Resonance Tech. Co.,

No. 97-1247, 1997 WL 592863, at *1 (Fed. Cir. Sept. 25, 1997)

("[A]s firmly established by judicial decisions, in an action involving

multiple defendants[,] venue and jurisdiction requirements must be

met as to each defendant.")).  Therefore, the Court must adhere to

the venue requirements.  Additionally, Plaintiff has already filed a

cause of action against Fiserv Solutions in the Northern District of

Illinois alleging the same set of facts.  As such, transfer would be

duplicative.  The Court also denies Plaintiff's request for discovery

as Plaintiff has had almost a year to conduct discovery into facts

that would support venue, but it has not.  See Reply, pg. 2.

Under the plain language of 28 U.S.C. § 1400(b), dismissal of

Fiserv Solutions as a party to this litigation is proper.  Plaintiff has

failed to establish that Fiserv Solutions has a regular and

established place of business in this District.

## V. CONCLUSION

For the reasons stated, Defendant Fiserv Solutions, LLC's Motion to Dismiss for Improper Venue (d/e 52) is GRANTED. Therefore, the Clerk is DIRECTED to dismiss this lawsuit against Fiserv Solutions in accordance with this opinion. The case will proceed against the remaining Defendants. All pending deadlines and scheduled settings as to the other Defendants remain set.

**ENTERED: March 18, 2020.**

**FOR THE COURT:**

_s/Sue E. Myerscough_

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**